UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH PAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2649-B |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES LLC, et al., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Joseph Payton's Motion to Remand, filed August 22, 2014.
Doc. 27. Plaintiff requests that the Court remand this action to the 68th Judicial District Court
of Dallas County, Texas on the grounds that Defendant Chase Bank USA, N.A. ("Chase") failed
to timely file its Notice of Removal as required by 28 U.S.C. 1446(b). *Id.* For the reasons that
follow, Plaintiff's Motion is **DENIED**.

## I.

## BACKGROUND

On April 3, 2014, Plaintiff filed this action against Defendants in the 68th Judicial District
Court of Dallas County, Texas asserting claims for violations of Texas statutory and common law in
connection with defendants' reporting to certain credit reporting agencies of various credit accounts
owned by Plaintiff. Doc. 1-3, Original Pet. In his original state court petition, Plaintiff indicated that
he was seeking "monetary relief of $100,000 or less, including damages of any kind, penalties, costs,
expenses, prejudgment interest and attorney fees." *Id.* ¶ 1. The original petition did not contain any

additional allegations relating to the monetary relief sought or the amount in controversy.

Plaintiff served Defendants with a copy of his original petition on April 9, 2014. Doc. 1-3, Affidavits of Service. Thereafter, on July 8, 2014, Plaintiff amended his petition to claim "$900,000 or less in damages," plus exemplary damages and attorney's fees. Doc. 1-3, First Amended Pet. ¶ 3. On the basis of Plaintiff's amended petition, Chase filed a notice of removal on July 23, 2014, to which all defendants consented, thereby removing the case to federal court. Doc. 1, Notice of Removal.

In response to this action by Chase, Plaintiff filed his Motion to Remand, to which Chase responded on July 11, 2014.[1] Doc. 32, Chase Resp. Br. Plaintiff chose not to file a reply within the time allotted by the Local Rules. As such, Plaintiff's Motion is now ripe for review.

## II.

## LEGAL STANDARD

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430 (E.D. Tex. 2013) (internal citations and quotations omitted). "Only state-court actions that

---

[1] Defendants Experian Information Solutions, Inc. and BankUnited, Inc. also filed responses on July 12, 2014. Docs. 33, Experian Resp. Br.; 34, BankUnited Resp. Br.

originally could have been filed in federal court may be removed to federal court by the defendant."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Because removal

raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with

any doubt resolved against removal and in favor of remand." *Coffman*, 927 F. Supp. 2d at 430–31

(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gasch v. Hartford Accident

& Indem.* Co., 491 F.3d 278, 281–82 (5th Cir. 2007)).

## III.

## ANALYSIS

In its Notice of Removal, Chase claims that this case is removable under 28 U.S.C. § 1441(a),

because the Court has valid diversity jurisdiction over the matter under 28 U.S.C. § 1332(a)—that

is, because there is diversity of citizenship among the parties and the amount in controversy exceeds

$75,000. Notice of Removal ¶ 6. Plaintiff does not contest either element of the Court's diversity

jurisdiction over this matter, but maintains that the Court nonetheless lacks removal jurisdiction

because Chase failed to timely file its Notice of Removal as required by 28 U.S.C. § 1446(b)(1). Mot.

to Remand ¶¶ 5, 6, 9.

According to 28 U.S.C. § 1446, a defendant wishing to remove an action from a state court

must file a notice of removal in the federal district court for the district and division within which

such action is pending. 28 U.S.C. § 1446(a). Generally, the notice of removal must be filed "within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* §

1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal

may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading

. . . from which it may first be ascertained that the case is . . . or has become removable," provided that the notice is filed no more than one year after commencement of the action. *Id.* § 1446(b)(3), (c).

In determining when a case becomes removable, courts look to the face of the plaintiff's state court petition. "Only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court does the thirty-day clock start to run." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (holding that "the thirty-day removal period under the first paragraph [of 28 U.S.C. § 1446(b)] is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'") (quoting *Chapman*) (emphasis in the original).

In this case, Plaintiff maintains that jurisdiction was established on the face of her original petition, because the petition contained a statement claiming "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest and attorney fees." Mot. to Remand ¶ 4. As such, Plaintiff maintains that Chase was required to file its Notice of Removal within 30 days of receiving service of Plaintiff's original petition on April 8, 2014, or by May 9, 2014. *Id.* ¶ 5. Since Chase did not file its notice of removal until July 23, 2014, Plaintiff contends that the Notice was not timely filed and thus that removal was improper.[2] *Id.* ¶ 6.

---

[2] In the alternative, Plaintiff argues that to the extent he failed to make a specific request for damages in his original petition, the burden was on Chase to prove the value of his claims. Mot. to Remand ¶ 10 (citing *Oliver v. CitiMortgage, Inc.*, No. 3:13-CV-2566-G, 2014 WL 285218, at *6 (N.D. Tex. Jan. 27, 2014) *reconsideration denied*, No. 3:13-CV-2566-G, 2014 WL 1265950 (N.D. Tex. Mar. 27, 2014). Since Chase failed to meet this burden, Plaintiff claims removal was improper. *Id.* ¶¶ 11–12.

This argument, however, misstates the applicable law. Contrary to Plaintiff's assertion, the burden only falls on the defendant to prove that the amount in controversy exceeds the minimal jurisdictional

As Chase correctly points out in response, however, Texas law required Plaintiff to include this statement in his petition. *See* Tex. R. Civ. P. 47. As such, the statement was not evidence of the actual value of Plaintiff's claim, but merely a pleading requirement with which Plaintiff had to comply. *See Jackson v. Bank of Am., N.A.*, No. 3:13-CV-4093-L, 2014 WL 2616872, *3 (N.D. Tex. June 12, 2014) ("The paragraph in Plaintiff's complaint stating that he 'seeks monetary relief of $100,000 or less and non-monetary relief' merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed claims for relief and does not represent a request for a specific dollar amount of damages."); *Oliver,* 2014 WL 285218, at *6 ("Texas law required [plaintiff] to include that statement in her petition, so it is not evidence of the actual value of her claim"); *Wilson v. JPMorgan Chase Bank, N.A.*, No. 4:13-CV-877-A, 2013 WL 5952576, at *3 (N.D. Tex. Nov. 7, 2013) ("In the court's view, an allegation that a party is seeking 'monetary relief of $100,000 or less' is not tantamount to a claim that the party is seeking 'at least '$75,000, exclusive of interest and costs.'"). That being said, Plaintiff's case only became removable when Plaintiff amended his petition on July 3, 2014, to claim damages in the amount of $900,000. Since Chase filed its Notice of Removal within thirty days of this date, the Court concludes that Chase's notice was timely filed and, therefore, that removal was proper.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

---

amount where, as in *Oliver*, the defendant seeks to remove the action on the basis of a pleading that does not affirmatively reveal as much. *See Oliver*, 2014 WL 285218, at *3. Such is not the case here, however, because as discussed herein, Chase waited until Plaintiff amended his pleading to claim damages well in excess of $75,000 to file its Notice of Removal.

SO ORDERED.

Dated: December 18, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE